# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RED ROOF FRANCHISING, LLC, : | |
| : | Case No. 2:18-cv-16 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Vascura |
| RIVERSIDE MACON GROUP, LLC, *et al.*, : | |
| : | |
| Defendants. : | |

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### I.   INTRODUCTION

This matter is before the Court on Plaintiff Red Roof Franchising, LLC's (RRF) Motion for Preliminary Injunctive Relief (ECF No. 2-1). RRF seeks an order enjoining Defendant Riverside Macon Group, LLC (Riverside) from using RRF's proprietary marks, including the "Red Roof Inn" signs posted on and around its building. (*Id.* at 1). Having considered the Motion, as well as the arguments of counsel and testimony of Red Roof Inn General Counsel George Limbert at the Preliminary Injunction hearing on January 24, 2018, the Court hereby **GRANTS** the Motion.

### II.   BACKGROUND

Red Roof Inn alleges the following facts, none of which has been challenged by Defendants: Red Roof Inn is a hotel chain that grants to its franchisees the use of the "Red Roof System." (*Id.* at 1-2). The Red Roof System includes use of the Red Roof Inn logo, as well as other trademarks and trade symbols, signs, and slogans. (*Id.* at 2).

In February 2014, RRF entered a Franchise Agreement with Riverside for the operation of a Red Roof Inn in Macon, Georgia. (*Id.*). Under the Agreement, Riverside was to make

1

payments to RRF and make certain improvements to the property. (*Id.* at 2-3). RRF claims that Riverside became past-due in required payments and failed to make property improvements; it therefore advised Riverside that it had five days to resolve the monetary default and thirty days to resolve the issues related to improving the property. (*Id.* at 3). After Riverside failed to cure either issue within the allotted time, RRF terminated the Franchise Agreement effective September 1, 2017. (*Id.*, Exh. 3).

By the terms of the Franchise Agreement, upon termination, Riverside was required to "immediately cease to operate the Inn under the System and shall not thereafter, directly or indirectly, represent to the public or hold itself out as a present or former Red Roof Inn franchisee." (*Id.* at 3). Riverside apparently did not do so. The parties attempted to mediate this matter on December 13, 2017, to no avail. (*Id.* at 4).

On December 18, 2017, RRF took photographs of the property showing that the distinctive "Red Roof Inn" signs still were being used on the property. (*Id.* at 4-5). That same day, RRF sent a cease and desist letter warning Riverside that it was in violation of the Franchise Agreement, the Lanham Act 15 U.S.C. §§ 1114, 1116, and 1125, and state and common law prohibitions on trademark infringement and unfair competition. (*Id.* at 6). According to RRF, Riverside did not respond to the cease and desist letter and continued to use the Red Roof Inn sign and logo. (*Id.*).

Riverside's failure to cease using Red Roof Inn identifying marks appears to have created actual confusion in the marketplace. Evidence presented at the Preliminary Injunction hearing reveals that aggrieved customers contacted Red Roof Inn Guest Relations Specialist following sub-par hospitality experiences at Riverside. (Exh. P-5). Even after Red Roof Inn clarified that

3950 River Place Drive in Macon, Georgia, is no longer a Red Roof Inn property, customers remained confused. *Id.*

It remains unclear the extent to which Riverside has followed the Order this Court issued on January 10, 2018, following the Rule 65.1 Conference.

### III. LAW AND ANALYSIS

The "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). In light of its "limited purpose," a preliminary injunction is "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). Accordingly, a party need not prove her case in full at a preliminary injunction hearing. *Id.*

When considering a motion for preliminary injunction, a district court must balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Ne. Ohio Coal. for the Homeless v. Husted*, 696 F.3d 580, 590–91 (6th Cir. 2012). These four considerations are "factors to be balanced, not prerequisites that must be met." *Certified Restoration*, 511 F.3d at 542. Whether the combination of the factors weighs in favor of issuing injunctive relief in a particular case is left to the discretion of the district court. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

All four factors lead this Court to conclude that a preliminary injunction is warranted and just. First, there is a strong likelihood of Red Roof Inn's success on the merits: In a trademark case, the question of irreparability of harm hinges on the likelihood of consumer confusion: "trademark

3

infringement by nature is generally irreparable and the showing of a high probability of confusion almost invariably gives rise to irreparable harm." *Cent. Benefits Mut. Ins. Co. v. Blue Cross & Blue Shield Ass'n*, 711 F. Supp. 1423, 1434 (S.D. Ohio 1989); *see also Dolphin Seafoods, Inc. v. Zartic, Inc.*, No. CIV.A.C82-1613, 1983 WL 187917, at *6 (N.D. Ohio Dec. 5, 1983) ("A high probability of confusion makes irreparable injury almost inevitable."). The Sixth Circuit has promulgated eight factors to guide courts in ascertaining whether a likelihood of confusion exists:

> 1. strength of the senior mark;
> 2. relatedness of the goods or services;
> 3. similarity of the marks;
> 4. evidence of actual confusion;
> 5. marketing channels used;
> 6. likely degree of purchaser care;
> 7. the intent of defendant in selecting the mark; and
> 8. likelihood of expansion of the product lines.

*Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997) (citing *Frisch's Restaurants, Inc. v. Elby's Big Boy, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982). Here, a high probability of confusion exists because the marks are not merely similar, they are identical. The Red Roof System, including the Red Roof logo, is a valuable asset. Indeed, it is the primary asset that RRF, as a franchisor, possesses. Yet, Riverside may be continuing to use the Red Roof System, apparently in contravention of the Franchise Agreement, to market its own independent hotel. Not only is the potential for consumer confusion with a mislabeled hotel manifest, RRF has presented actual evidence to this Court that such confusion has arisen. (Exh. 5). Indeed, a disgruntled customer contacted Red Roof Inn advising of subpar service and conditions in the hotel. The customer thought the hotel was a Red Roof Inn property because the signage so indicated and because she was billed on Red Roof Inn stationary.

Second, irreparable injury would accrue to RRF immediately in the absence of a preliminary injunction. As a threshold matter, irreparable injury is presumed as a result of a

4

finding of a likelihood of confusion for purposes of the Lanham Act. *Abercrombie & Fitch v. Fashion Shops of Ky., Inc.*, 363 F. Supp. 2d 952, 966 (S.D. Ohio 2005). As the Sixth Circuit has held, "no particular finding of likelihood of . . . irreparable harm is necessary for injunctive relief in trademark infringement or unfair competition cases." *Id.* (citing *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999)). RRF has no control over a former franchisee, and as long as Riverside maintains Red Roof signage on its property while operating a location that fails to meet RRF standards, Red Roof Inn would continue to suffer financial harm from the non-exclusivity of the Red Roof Inn trademark in Georgia. There is also a direct financial impact: RRF has conveyed that, in order to compensate customers who through no fault of RRF's have been dissatisfied with the hospitality at the Riverside location, RRF has awarded aggrieved consumers with loyalty points and free stays.

Third, to award a preliminary injunction would not cause substantial harm to others: RRF is not objecting to Riverside's continued operation as a hotel, but merely to Riverside's use of RRF marks.

Fourth, there is a strong public interest in avoiding confusion in the marketplace. *Worthington Foods, Inc.*, 732 F. Supp. 1417, 1463 (S.D. Ohio 1990) ("If the movant shows a likelihood of success on the merits of [a trademark action] . . . it has thereby shown a likelihood of confusion concerning the source, affiliation, connection, or sponsorship of the goods. Avoiding confusion by issuing an injunction would be in the public interest.") (citing *Central Benefits Mutual Ins. Co. v. Blue Cross and Blue Shield Ass'n*, 711 F. Supp. 1423, 1435 (S.D. Ohio 1989)). The fact that public confusion exists is uncontroverted. The Court therefore finds that this factor, too, favors granting a preliminary injunction.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Preliminary Injunction and **ORDERS** that the Defendants, Deba Shyam and Riverside Macon Group, LLC, its shareholders, agents, servants, employees, and all persons acting in concert with them shall be enjoined from:

a) Using the words and/or terms "Red Roof" or any combination of "Red" and "Roof" or any other name, word designation, or mark with confusingly similar colors or similar lettering or logo (the "Red Roof Marks") in marketing, advertising, or promotional materials, via the Internet or otherwise, in connection with hospitality services or any other budget;

b) Otherwise infringing the Red Roof Marks and/or Proprietary Marks as defined in the Franchise Agreement.

It is further **ORDERED** that Defendants abide by the Red Roof Franchising, LLC, Franchise De-Identification Procedures articulated in Plaintiff's Exhibit 3 (ECF No. 1-4).

**IT IS SO ORDERED.**

                                             **s/Algenon L. Marbley**
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**DATED: January 25, 2018**