UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RED ROOF FRANCHISING, LLC,

      Plaintiff,                          :

v.                                               Case No. 2:18-cv-16
                                                  Judge Sarah D. Morrison
                                                  Magistrate Judge Chelsey M. Vascura

RIVERSIDE MACON GROUP, LLC,
*et al*.                                               :

      Defendants.

## ORDER

This matter was tried on June 14, 2021, resulting in a jury verdict in favor of Plaintiff Red Roof Franchising, LLC against Defendant Riverside Macon Group, LLC; the jury awarded Plaintiff $19,500 on its trademark infringement claim and $20,700 on its breach of contract claim. Now before the Court is Plaintiff's post-trial Motion for Attorney's Fees, Costs, and Treble Damages (ECF No. 75), and Plaintiff's supplemental filing of its unredacted billing records and invoices under seal. (ECF No. 82).

**I.**      **Attorney's Fees and Costs**

Plaintiff asks the Court to award attorney's fees and costs pursuant to the terms of the Franchise Agreement between the parties. (ECF No. 75, PageID 1231). Defendant does not dispute that Plaintiff is entitled to attorney's fees and costs

under the Agreement.[1] Rather, Defendant argues Plaintiff failed to present sufficient evidence for the Court to determine what a reasonable fee award is in this case. (ECF No. 76, PageID 1374–75).

### A. Attorney's Fees

Fees and costs awarded under contractual fee-shifting provisions "are enforceable so long as the fees awarded are fair, just and reasonable as determined by the trial court upon a full consideration of all of the circumstances of the case." *Hustler Cincinnati, Inc.*, 2014-Ohio-5648, ¶ 13. "The starting point for determining the amount of reasonable attorney fees is the 'lodestar' amount. *Bank One, N.A. v. Echo Acceptance Corp.*, 595 F. Supp. 2d 798, 801 (S.D. Ohio 2009) (Marbley, J.) (citing *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008)). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.*

Here, Plaintiff does not request a specific fee amount. However, the total fees claimed to date equal $63,674.50. (ECF No. 75–1, Kennedy Aff., ¶¶ 6–7). Plaintiff evidences Counsel expended 278.5 hours on the case (*id.*, ¶ 10; ECF No. 82, *generally*), and argues this is reasonable given the age and history of the case. (ECF No. 79, PageID 1385). The Court agrees. This litigation spanned nearly three years and included a Motion for Preliminary Injunction, a subsequent preliminary

---

[1] Because reasonable attorney's fees and costs are awarded pursuant the Franchise Agreement's fee-shifting provision, the Court need not address whether Plaintiff is entitled to fees and costs under the Lanham Act.

2

injunction hearing, a Motion for Summary Judgment, and a jury trial. Moreover, nothing in Counsel's unredacted billing records indicates inflated hours.

Counsel's hourly rates are also reasonable. Counsel billed at rates of $240 for partners and $225 for associates. (Kennedy Aff., ¶ 4). These rates are reasonable and commensurate with other attorneys in the Southern District of Ohio with comparable experience. (See, *id.*, ¶ 9).

In sum, the Court finds a total lodestar of $63,674.50 to be reasonable in this case. The unredacted billing records and Kennedy Affidavit sufficiently exhibit hours reasonably expended at a reasonable billable rate. (*Id.*, *generally*; ECF No. 82, *generally*). Thus, Plaintiff has overcome Defendant's argument that lack of evidence precludes a reasonableness determination. (ECF No. 76, PageID 1375). Accordingly, the Court awards $63,674.50 in attorney's fees.

### B. Costs

The Court has reviewed Counsel's costs and finds them to be reasonable. Contrary to Defendant's contention, a review of receipts is not necessary to make this determination. Plaintiff adequately supports its request for $3,200.83 in costs through the Kennedy Affidavit (Kennedy Aff., ¶ 12), the computer-generated itemized list (ECF No. 75–3), and the unredacted billing records (ECF No. 82). Accordingly, the Court awards Plaintiff $3,200.83 in costs.

## II. Post-Judgment Interest

Plaintiff also seeks post-judgment interest at a rate of 3%, the post-judgment interest rate under state law. (ECF No. 75, PageID 1235). Defendant did not

respond to this portion of the Motion. Nevertheless, federal courts have consistently held that federal law governs the calculation of post-judgment interest in federal court, even on state-law claims. *See, e.g., Pedroza v. Lomas Auto Mall, Inc.*, 663 F. Supp. 2d 1123, 1130 (D. N.M. 2009) (citing *Transpower Constructors v. Grand River Dam Authority*, 905 F.2d 1413, 1423–24 (10th Cir. 1990) (applying 28 U.S.C. § 1961)).

Accordingly, the federal interest rate determined by 28 U.S.C. § 1961(a) must be applied to the entire judgment (ECF No. 72) and calculated from the date of the entry of the judgment, June 17, 2021. § 1961(a). The Court hereby **AWARDS** post-judgment interest at the federal rate.

### III.    Treble Damages

At trial, Plaintiff received a jury award of $19,500 in actual damages for trademark infringement. (ECF No. 72). Plaintiff now asks the Court to treble these actual damages to $58,500. (ECF No. 75, PageID 1232).

The Lanham Act, 15 U.S.C. § 1117, entitles successful plaintiffs in trademark infringement actions to recover treble damages. The Court may award, "according to the circumstances of the case, [ ] any sum above the amount found as actual damages, not exceeding three times such amount." § 1117(a). A court may treble damages for willful trademark infringement, as is the case here, but the enhancement must be "consistent with the 'principles of equity'" and "constitute compensation and not a penalty." *Id.*; *See also La Quinta Corp. v. Heartland Properties, LLC*, 603 F.3d 327, 341–43 (6th Cir. 2009) ("[T]he Lanham Act expressly

4

prohibits levying damages that may be classified as a 'penalty.'" (citation omitted)). The Court has broad discretion to fashion a damages award under the Lanham Act. *La Quinta Corp.*, 603 F.3d at 342.

Plaintiff argues its case is much like that of the franchisor-plaintiff in *La Quinta*, to whom the court awarded treble damages to ensure adequate compensation for the defendant's willful infringement. (ECF No. 79, PageID 1387). The Sixth Circuit in *La Quinta* affirmed the district court's decision to enhance damages not only because of the defendant's willful infringement, but also because the franchisor-plaintiff's actual damages award was "inadequate to compensate [it] for the true extent of its injuries." *La Quinta Corp.*, 603 F.3d at 345.

Here, the jury found that Defendant's conduct was willful (ECF No. 80, PageID 1587), and Plaintiff has presented sufficient evidence in the record and at trial to establish it suffered intangible losses that went uncompensated by the $19,500 actual damages award. Plaintiff does not directly make this argument in its Motion, but nonetheless equity in this case requires enhanced damages. Because of Defendant's egregious, willful conduct and Plaintiff's uncompensated losses, the Court hereby doubles Plaintiff's actual damages. This enhanced award serves to remedy Plaintiff's intangible losses and is not unduly punitive. Accordingly, the Court awards Plaintiff $39,000.

## IV. Conclusion

For the reasons above, Plaintiff's Motion is **GRANTED**. (ECF No. 75). Plaintiff is hereby awarded the following:

5

1. Reasonable attorney's fees in the amount of $63,674.50;

2. Costs in the amount of $3,200.83;

3. Post-judgment interest at the federal rate;

4. Double damages under the Lanham Act in the amount of $39,000.

**IT IS SO ORDERED.**

<u>/s/Sarah D. Morrison</u>
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**